### MALONE *v.* KNOWLTON.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

ANIMALS—INJURIES WHILE TRESPASSING—KNOWLEDGE OF OWNER.

In an action for personal injuries inflicted on plaintiff by a bull owned by defendant, there was evidence that at the time of the injury the bull was a trespasser on plaintiff's land. *Held*, that it was error for the court to refuse to charge "that if the animal was trespassing upon the property of the plaintiff, and while thus trespassing did damage to the plaintiff thereon, whether he was a vicious animal, or known to be so by the defendant or not, the plaintiff is entitled to recover for the injury."

Appeal from circuit court, Westchester county.

Action by Michael Malone against Gussie Knowlton, for personal injuries inflicted on plaintiff by a bull alleged in the complaint to have been kept by defendant on premises owned or occupied by her, well knowing him to be of a ferocious and mischievous disposition, and accustomed to attack mankind. From a judgment for $62.98 costs, entered on a verdict for defendant, plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Charles Haines*, for appellant. *Edwards & Odell*, for respondent.

BARNARD, P. J. Proof was given on the trial of this action tending to show that the bull at the time he injured the plaintiff was a trespasser upon the plaintiff's lands. The plaintiff requested the court to charge "that if the animal was trespassing upon the property of the plaintiff, and while thus trespassing did damage to the plaintiff thereon, whether he was a vicious animal, or known to be so by the defendant or not, the plaintiff is entitled to recover for the injury." The court declined so to charge. The ruling was erroneous. *Van Leuven* v. *Lyke*, 1. N. Y. 515. The judgment should therefore be reversed, and a new trial granted, costs to abide event.